# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

INDIANA WESLEYAN UNIVERSITY,  )
            )
     Plaintiff,  )
  v.         )
            )  Case No. 1:24-cv-239-PPS-APR
OLÉ HOLDINGS, INC.,    )
            )
     Defendant.  )

## STIPULATED PROTECTIVE ORDER

The Parties hereby move the court to enter the following stipulated protective order. Accordingly, it is ORDERED:

**I. Scope.**

This Protective Order ("Order") shall govern the production and exchange of all documents, deposition testimony, interrogatory answers, responses to requests for admissions, and other information produced, disclosed, given or exchanged by and among the parties and/or third parties (collectively "Producing Parties") to another party or parties ("Receiving Parties") in the course of this action. Persons who are not parties to this Action but who are required to produce documents in response to a subpoena in connection with this Action shall be entitled to invoke the provisions of this Order as if the non-party were a party to this Action.

**II. Protected Material.**

Materials designated as Confidential or Attorneys' Eyes Only are collectively referred to herein as "Protected Material." The parties may not designate as Protected Material any material which is available to the public.

### A.      Confidential Information.

The following may be designated "Confidential," provided the information was maintained as confidential and the party has a legitimate interest in maintaining its confidentiality: (a) business plans, financial projections, and investment strategies relating to Olé's provision of education services and software; (b) contracts, agreements, communications, and financial information concerning Olé's Educational Services Platform, its development and modification, and the fees for licensing and sublicensing it; and (c) documents, communications, and financial information concerning the Parties' claims and alleged damages.  Confidential Protected Material includes trade secret and confidential, competition-sensitive information and third-party information and contracts required to be protected by contract or separate confidentiality agreement.

### B.      Attorneys' Eyes Only Information.

The designation "Attorneys' Eyes Only" shall be limited to highly sensitive trade secrets or other Confidential Information, as defined above, that, if improperly disclosed to another party in this litigation, could cause future business or financial harm to the Producing Party or individual harm to any current or former employee of the Producing Party. Because designation of information as "Attorneys' Eyes Only" is more restrictive on disclosure and may interfere with the discovery process, designations should be used infrequently and minimally. The "Attorneys' Eyes Only" designation shall be limited to trade secret and confidential, competition sensitive information, including financial and product development information, and third-party information and contracts required to be protected by contract, separate confidentiality agreement, or relevant law, rule or statute.

1

### III.    Designation of Protected Material.

A Producing Party shall designate as "Confidential" or "Attorneys' Eyes Only" only information or documents or things or portions thereof that it reasonably and in good faith believes constitute or contain information that falls within these definitions. A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. A party may designate a document as Attorneys' Eyes Only by placing or affixing the words "ATTORNEYS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The markings "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall also be marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

The designation of a document as Protected Material is a certification by an attorney or a party appearing *pro se* that the document contains Protected Material as defined in this order. In addition, any party may move to modify or seek other relief from any of the terms of this

Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order and Northern District of Indiana Local Rule 37-1.

**IV.    Protections Afforded Protected Material.**

Protected Material shall be maintained in confidence by the persons to whom it is furnished and may be disclosed by them only to other persons entitled to have access to the Protected Material under the provisions of this Order. Any person who makes a disclosure of Protected Material permitted under this Order shall advise the person to whom Protected Material is to be disclosed of the contents of the Order.

**A.    Confidential Information.**

Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons for any purpose whatsoever other than in this litigation, including any appeal thereof. Materials designated "Confidential" shall not be given, shown, made available, communicated, or disclosed to anyone other than, and to the extent necessary for, this litigation.

The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth herein. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

1.    **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

2.    **Parties.** Individual parties and employees of a party but only to the

3

extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

3.    **The Court and its Personnel;**

4.    **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

5.    **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

6.    **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after they have completed the certification contained in Exhibit A, Acknowledgment of Understanding and Agreement to Be Bound;

7.    **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out

4

in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

8.   **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

9.   **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court, on conditions as may be agreed or ordered.

**B.    Attorneys' Eyes Only Information.**

Materials designated "Attorneys' Eyes Only" shall not be given, shown, made available, communicated, or disclosed to anyone other than:

1.   The counsel advising or representing any party or non-party witness in this litigation, including in-house counsel of the party who supervise or assist in this action, and their associated paralegals, legal assistants, and staff members working on the action, provided that, before any disclosure is made to a non-party witness and/or the non-party witness's counsel, the non-party witness and/or their counsel must execute Exhibit A;

2.   Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

3.   People who counsel of record for all parties shall consent to in writing or on the record prior to the proposed disclosure;

4.   The Court and Court personnel, and any court of competent appellate

5

jurisdiction;

5.      Employees of third-party vendors and/or contractors involved solely in one or more aspects of copying, converting, storing, or retrieving data, provided that, each respective vendor or contractor has a general confidentiality agreement in place with retaining counsel;

6.      Independent consultants and/or experts, retained by the Parties to work on the action, provided that, before any disclosure is made, they must execute Exhibit A; and

7.      Persons who are identified in the materials designated "Attorneys' Eyes Only" as having previously had access to or previously seen the materials.

**C.**      **Review of Witness Acknowledgments**

At any time and for any purpose, including to monitor compliance with the terms hereof, any Designating Party may demand to review all copies of Exhibit A in any Receiving Party's possession. The Receiving Party must, within 3 business days of the demand, provide all such copies to the Designating Party making the demand. Notwithstanding the foregoing, if the Receiving Party has retained an expert whose identity has not yet been disclosed to the Designating Party, the Receiving Party may generically identify how many acknowledgments that it has in its possession attributable to non-disclosed experts, whose acknowledgements must later be provided contemporaneously with any reports issued by one or more of said experts. If a Receiving Party is not required to disclose the identity of any consulting experts, it may not be compelled to produce any acknowledgments from those experts to the Designating Party. However, if the Designating Party provides to the Court evidence of breach of this Order via unauthorized leak of designated

6

information, the Court may require an *in camera* production of all acknowledgments held by a Receiving Party in order to determine breach and consider enforcement of this Order

     **D.**       **Inadvertent Failure to Designate and Claw-Back Requests.**

     An inadvertent failure to designate a document as Protected Material does not, standing alone, waive the right to designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If, at any time, a party or non-party discovers that it produced or disclosed protected information without designation, it may promptly notify the Receiving Party and identify with particularity the information to be designated and the level of designation (the claw-back notification). The Receiving Party may then request substitute production of the newly designated information. Within 30 days of receiving the claw-back notification, the Receiving Party must (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information.

     **E.**       **Inadvertent Production of Privileged Information**

     If, at any time, a party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its

7

privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5). Whenever possible, the producing party must produce substitute information that redacts the information subject to the claimed protection. The Receiving Party must thereupon comply with Fed. R. Civ. P. 26(b)(5) as to the information subject to the claimed protection. The parties must also comply with N.D. Ind. L.R. 37-1 before seeking Court intervention to resolve any related dispute

### F.      Filing of Protected Material.

This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file any document, or any portion of a document, designated as Protected Material in connection with a motion, brief or other submission to the Court must comply with Northern District of Indiana Local Rule 5-3.

## V.      Objections to Designations and Disclosure.

The designation of any material or document as Protected Material is subject to challenge by any party. The following procedure shall apply to any challenge:

### A.      Meet and Confer.

A party challenging the designation of Protected Material must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five business days.

8

### B.    Judicial Intervention

A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Protected Material under the terms of this Order.

## VI.    Action by the Court

Applications to the Court for an order relating to materials or documents designated Protected Material shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

## VII.    Use of Protected Material.

### A.    Purposes for Which Protected Material May Be Used.

Documents designated as Protected Material shall be used solely for the preparation, trial, appeal, mediation and/or settlement of this action. All compilations, notes, copies, electronic images, or databases containing information designated as Protected Material shall be subject to the terms of this Order to the same extent as the Protected Materials themselves.

### B.    Use of Protected Materials in Pleadings or Other Submissions.

This Order does not authorize a party to file or maintain a document under seal. Any party that seeks to file any document, or any portion of a document, under seal, and any party

9

that opposes its maintenance under seal, must comply with Northern District of Indiana Local Rule 5-3 and the provision of Section IV(F) of this Order.

###### C.    Right to Public Challenge.

Nothing in this Order shall prohibit an interested member of the public from challenging the confidentiality of any document filed under seal with this Court. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal. *See Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999).

###### D.    Non-Waiver Effect of Designations.

Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any party's claim or defense in this action or any other action or proceeding, including but not limited to a claim or defense that any designated information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

###### E.    Use of Protected Material at Trial or Hearings.

This Order shall not prevent any Protected Material from being used by the Court or counsel at any hearing in this action, or from being offered and received into evidence at trial, provided that its use is made only in accordance with appropriate procedures approved by the Court. The parties shall confer to reach agreement regarding the procedures to be recommended to the Court. If information designated pursuant to this Order will or may be offered in evidence at a hearing or trial or filed of record, then the offering party must give advance notice to the

10

party or non-party that designated prior to offering the information so that any use or disclosure may be addressed through a motion to seal or in accordance with the Court's case-management or other pre-trial order, or by a motion *in limine*.

## VIII.   Use by Persons Producing the Protected Material.

Nothing in this Order is intended to limit the rights of any party from which Protected Material has originated to use its own Protected Material in any way the party sees fit.

## IX.   Previously Produced Information.

A Producing Party shall have twenty days from the entry on this Order to designate any information previously produced in this litigation as Confidential or Attorneys' Eyes Only. Documents designated in this manner shall be subject to this Order to the same extent as if the information had been designated at the time of the initial production, and the information shall be treated by the Receiving Party as if it had been inadvertently produced with an error in designation, subject to Section IV.D.

## X.   Obligations on Conclusion of Litigation.

### A.   Order Continues in Force.

Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

### B.   Obligations at Conclusion of Litigation.

Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Order, including copies as defined in 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed

without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

### C.    Retention of Work Product and one set of Filed Documents.

Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Protected Material so long as that work product does not duplicate verbatim substantial portions of Protected Material, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Protected Material shall continue to be protected under this Order. An attorney may use their work product in subsequent litigation, provided that its use does not disclose or use Protected Material.

### XI.    No Prior Judicial Determination.

This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Protected Material by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until the Court rules on a specific document or issue.

### XII.    Modifications.

The terms of this Order are subject to modification, extension, or limitation as agreed to by all parties in writing, provided that all parties join in, and the Court approves, the modification, extension, or limitation.

**XIII.  Nature of Order and Jurisdiction.**

This Order shall, absent written consent of the parties hereto, continue to be binding after the conclusion of this action, although the Court does not retain jurisdiction after the close of the case. After the conclusion of this action, the parties may bring an action to enforce this order only in a state or federal court of competent jurisdiction within the Northern District of Indiana.

ENTERED this 18th day of December, 2024.

/s/ Andrew P. Rodovich
United States Magistrate Judge

13

**WE SO MOVE**
**and agree to abide by the terms**
**of this Order**

*/s/ Jacob V. Bradley*
Jacob V. Bradley (#27750-49)
Nicole Perkins, #38307-49
135 N. Pennsylvania Street
Suite 2400
Indianapolis, IN 46204
jacob.bradley@quarles.com
Nicole.perkins@quarles.com
(317) 957-5000 – Phone
(317) 957-5010 - Fax

*Attorneys for Indiana Wesleyan University*

**WE SO MOVE**
**and agree to abide by the terms**
**of this Order**

*/s/   Christopher   M.   McDowell,   with*
*permission*
Christopher M. McDowell
*Admitted Pro Hac Vice*
McDowell Law PLLC
P.O. Box 491
Coppell, TX 75019
cmcdowell@mcdowelllawfirm.net

(817) 678-8170 – Phone
(469) 373-2245 – Fax

*Attorneys for Defendant, Olé Holdings, Inc.*

<u>EXHIBIT A</u>

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| INDIANA WESLEYAN UNIVERSITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. 1:24-cv-239-PPS-APR |
| OLÉ HOLDINGS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF CONSENT TO BE BOUND BY PROTECTIVE ORDER**

I hereby acknowledge that I have read the Protective Order entered by the Court in the above-captioned action, understand the terms of the Protective Order, and agree to be bound by its terms.

I will hold in confidence and not disclose to anyone not authorized under the Protective Order any Protected Material disclosed to me. I further agree that neither I nor anyone assisting me will use or rely on Protected Material disclosed to me for any purpose not authorized under the Protective Order. Without limiting the generality of this paragraph, I understand that it would be improper to use or rely on Protected Material in connection with my own research or in connection with any consulting for third parties.

At the conclusion of this case, I will return all Protected Materials which came into my possession, and documents or things which I have prepared relating thereto, to counsel for the party who provided the Confidential Information to me. As an alternative to returning Protected Material, I will destroy all of it and certify that all Material has been destroyed.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case. I understand that violation of the Protective Order may be punishable by contempt of Court.

DATED:_____          _____
                                        Signature

                                        _____
                                        Printed Name

                                        _____
                                        Address

                                        _____
                                        City, State, Zip Code